1  EDMUND G. BROWN JR.
   Attorney General of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  PAMELA C. HAMANAKA
   Senior Assistant Attorney General
4  JASON TRAN
   Deputy Attorney General
5  DAVID ZARMI
   Deputy Attorney General
6  State Bar No. 245636
    300 South Spring Street, Suite 1702
7   Los Angeles, CA  90013
    Telephone:  (213) 576-1336
8   Fax:  (213) 897-6496
    E-mail:  David.Zarmi@doj.ca.gov
9  *Attorneys for Respondent*

10

        IN THE UNITED STATES DISTRICT COURT
11
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
           LOS ANGELES DIVISION
13

14

15  **FRANK CARRILLO,**              CV 09-05173 SVW (RZ)

16                     Petitioner,   **MOTION TO DISMISS PETITION
                                      FOR WRIT OF HABEAS CORPUS;
17        **v.**                       MEMORANDUM OF POINTS AND
                                      AUTHORITIES**
18  **DARRAL G. ADAMS, Warden,**

19                     Respondent.

20

21

22

23

24

25

26

27

28

1    Respondent, Darrel G. Adams, Warden of California State Prison in Corocan,

2    California, hereby files this Motion to Dismiss the Petition for Writ of Habeas

3    Corpus filed herein.  The fourth ground of the Petition either fails to raise a federal

4    question, and is not cognizable on habeas review under 28 U.S.C. § 2254(a), or is

5    barred for failure to exhaust state remedies as required by § 2254(b).

6               **MEMORANDUM OF POINTS AND AUTHORITIES**

7                          **PROCEDURAL HISTORY**

8    Following a jury trial, Petitioner was convicted on July 12, 2006, of first

9    degree murder, in Los Angeles County Superior Court (case no. LA040024).  That

10   same day, Petitioner was sentenced to a term of sixty years to life in state prison.

11   (LD 1.)[1]

12   On January 24, 2007, Petitioner, through counsel, filed a direct appeal in the

13   California Court of Appeal (case no. B192773).  (LD 2.)  On June 11, 2007,

14   Petitioner, in pro se, filed a concurrent petition for writ of habeas corpus in the

15   California Court of Appeal (LD 5), followed by a supplemental petition filed by

16   appellate counsel on August 27, 2007 (LD 6).  On June 9, 2008, the California

17   Court of Appeal affirmed the judgment and denied habeas relief in a published

18   opinion.  (LD 10.)  Petitioner filed a petition for review in the California Supreme

19   Court on July 18, 2008 (case nos. S165201 and S165207).  (LD 11.)  The petition

20   for review was denied on September 24, 2008.  (LD 12.)[2]

21   Petitioner, in pro se, also filed a petition for writ of habeas corpus in the Los

22   Angeles County Superior Court on April 25, 2007.  (LD 13.)  The petition was

23   denied on April 26, 2007, for failure to establish a prima facie case of ineffective

24   assistance of counsel.  (LD 14.)

25

26
_____

27   [1] "LD" refers to the lodged documents, as indexed in the Notice of Lodging.
     [2] Petitioner incorrectly states that the petition for review was still pending at the time that

28   he signed the instant Petition on May 5, 2009.  (Pet. at 3, 8.)

1

Petitioner also filed a petition for writ of habeas corpus in the California Supreme Court, through counsel, on August 11, 2008 (case no. S165867).  (LD 15.) The petition was denied on July 22, 2009, with citation to *In re Clark*, 5 Cal. 4th 750, 21 Cal. Rptr. 2d 509 (1993).  (LD 18.)

The Petition in the instant case was filed on July 16, 2009.

## ARGUMENT

**GROUND FOUR OF THE PETITION SHOULD BE DISMISSED BECAUSE IT RAISES NO FEDERAL QUESTION; TO THE EXTENT IT CAN BE CONSTRUED AS STATING A FEDERAL CONSTITUTIONAL CLAIM, THE CLAIM IS UNEXHAUSTED**

In Ground Four, Petitioner argues based on California law that the trial court wrongly failed to issue a jury instruction on flight, sua sponte.  (Pet. at 6; Attached Writ at 42-44.)  Petitioner's claim fails to present a federal constitutional claim.  To the extent that the claim can be construed as a federal question, it is unexhausted as it was not presented as a federal constitutional claim to the California Supreme Court.  Instead, Petitioner cited only to California law in challenging the trial court's actions.

### A.    Petitioner Fails to Present a Federal Constitutional Claim

Federal habeas corpus is available only on behalf of a person in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *Engle v. Isaac*, 456 U.S. 107, 119, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).  A petitioner must allege some transgression of federal law that is binding on state courts.  *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." *Engle*, 456 U.S. at 121 n.19.  A habeas corpus petitioner must affirmatively allege that a federal right was violated in the petition.  *See Paradis v. Arave*, 130 F.3d 385, 390 (9th Cir. 1997) ("federal habeas corpus relief is limited to claims that allege a constitutional violation in the state criminal proceedings"); *Kealohapauole v.*

2

1  *Shimoda*, 800 F.2d 1463, 1465-65 (9th Cir. 1983) ("petitioner must allege a

2  deprivation of federal rights to obtain habeas relief"); *Gutierrez v. Griggs*, 695 F.2d

3  1195, 1197-98 (when state prisoner has "failed to allege" a deprivation of a federal

4  right, § 2254 does not apply, and it is unnecessary to determine whether exhaustion

5  requirement is satisfied).

6      California case law provides that a trial court has the duty to instruct on all

7  material issues supported by substantial evidence. *People v. Breverman*, 19 Cal.

8  4th 142, 154, 160, 77 Cal. Rptr. 2d 870 (1998). The standard for issuing jury

9  instructions in California courts governed solely by California law. *See*, *e.g.*,

10 *People v. St. Martin*, 1 Cal. 3d 524, 531 83 Cal. Rptr. 166 (1970); *People v.*

11 *Warren*, 16 Cal. 2d 103, 116-17, 104 P.2d 1024 (1940). Petitioner's reference in

12 Ground Four to the trial court's failure to instruct the jury on the weight it should

13 give to his flight following commission of the underlying crime is supported solely

14 by California cases and is insufficient to raise a federal constitutional claim.

15 (Attached Writ at 42-44.) As Petitioner fails to allege that any of his federal

16 constitutional rights was violated, and fails to cite any federal case in support of his

17 claim, Ground Four fails to present a federal question and is not cognizable on

18 habeas review. *See Engle*, 456 U.S. at 121; *Gutierrez*, 695 F.2d at 1197-98.

19     **B.    Any Intended Federal Constitutional Claim Is Unexhausted**

20     To the extent Petitioner's claim can be construed as raising a federal question,

21 it is unexhausted. Exhaustion of state remedies is a prerequisite to a federal court's

22 consideration of claims sought to be presented in federal habeas corpus. 28 U.S.C.

23 § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438

24 (1971); *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008). To satisfy the

25 state exhaustion requirement, the petitioner must fairly present his federal claims to

26 the state's highest court. *Rose v. Lundy*, 455 U.S. 509, 515, 102 S. Ct. 1198, 71 L.

27 Ed. 2d 379 (1982). The mere similarity between a state and federal issue is

28 insufficient to establish exhaustion. *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir.

3

1    2000).  A claim has not been fairly presented unless the prisoner has described in

2    the state court proceedings both the operative facts and the federal legal theory on

3    which his contention is based.  *See Gray v. Netherland*, 518 U.S. 152, 162-63, 116

4    S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th

5    Cir. 1999).  Indeed, "fair presentation" requires that a petitioner expressly alert the

6    state's highest court to the federal basis of his claim by "citing in conjunction with

7    the claim the federal source of law on which he relies or a case deciding such a

8    claim on federal grounds, or by simply labeling the claim 'federal.'"  *Baldwin v.*

9    *Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (finding that

10   "ineffective assistance of appellate counsel" claim was not fairly presented to the

11   state's highest court because the petitioner did not properly alert the court to the

12   federal nature of the claim).  A petitioner "must have 'characterized the claims he

13   raised in state proceedings *specifically* as federal claims.'"  *Castillo v. McFadden*,

14   399 F.3d 993, 999 (9th Cir. 2005) (italics in original).

15       Moreover, "a state prisoner does not 'fairly present' a claim to a state court if

16   that court must read beyond a petition or a brief (or a similar document) that does

17   not alert it to the presence of a federal claim in order to find material, such as a

18   lower court opinion in the case, that does so."  *Baldwin*, 541 U.S. at 32; *accord*

19   *Castillo*, 399 F.3d at 999-1000; *Casey v. Moore*, 386 F.3d 896, 911-15 (9th Cir.

20   2004).  Furthermore, the citation of a relevant federal constitutional provision in

21   relation to another claim does not satisfy the exhaustion requirement.  *Baldwin*, 541

22   U.S. at 33; *Castillo*, 399 F.3d at 1003 ("[e]xhaustion demands more than drive-by

23   citation, detached from any articulation of an underlying federal legal theory").

24   The petitioner has the burden of demonstrating he has exhausted available state

25   remedies.  *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972); *see Werts v.*

26   *Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

27       If a petition includes both exhausted and unexhausted claims, it constitutes a

28   "mixed petition" which must be dismissed or the unexhausted claims must be

4

stricken. *Pliler v. Ford*, 542 U.S. 225, 230, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); *but see Rhines v. Weber*, 544 U.S. 269, 275-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). The fact that a procedural bar might prevent the petitioner from returning to state court for a ruling on the merits of his unexhausted claim "in no way nullifies the fact that he had an adequate state remedy that has not been exhausted." *Tamalini v. Stewart*, 249 F.3d 895, 899 n.2 (9th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

In Ground Four, Petitioner has copied, verbatim, the argument made by his appellate counsel in the petition for review filed in the California Supreme Court. (*Compare* Attached Writ at 42-44 *with* LD 11 at 37-39.) To the extent that Petitioner intended to raise a federal constitutional claim in his state habeas petition, he failed to alert the state supreme court of the federal nature of his claim. Petitioner cited no federal authority to support his claim, nor did he ever claim that any federal or constitutional issues were raised by the claim. (*See* LD 11 at 37-39.) Petitioner did not raise the claim in his petition for habeas corpus filed in the California Supreme Court. (*See generally* LD 15.)

Although it appears that Petitioner has not raised a federal question in Ground Four, any characterization of it as such renders the claim unexhausted and requires dismissal of the instant Petition unless Ground Four is stricken. *See Pliler*, 542 U.S. at 230; *Shumway*, 223 F.3d at 988 (similarity between a state claim and a federal claim insufficient to satisfy exhaustion requirement).[3]

---

[3] Petitioner may still have an available state remedy as to Ground Four, namely the filing of a proper petition for writ of habeas corpus in the California Supreme Court raising the unexhausted claim. *See In re Harris*, 5 Cal. 4th 813, 829, 21 Cal. Rptr. 2d 373 (1993). In the event Petitioner seeks further relief from the California Supreme Court with respect to Ground Four, he might be foreclosed from obtaining a ruling on the merits, depending upon whether he can explain and justify any delay in presenting the claim there. Depending upon the showing, Respondent might well argue in the future, both in the California Supreme Court or upon another petition filed in this Court, that the procedural default doctrine bars the claim. *See Russell v. Rolfs*, 893 F.2d 1033, 1037-39 (9th Cir. 1990); *see also Slack v. McDaniel*, 529 U.S. 473, 489, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (noting that following the dismissal of a mixed

(continued…)

1

**CONCLUSION**

2    Accordingly, Ground Four should be dismissed as being uncognizable, or the

3  instant Petition of Writ of Habeas Corpus should be dismissed for raising an

4  unexhausted claim.

5

6  Dated:  November 17, 2009                      Respectfully submitted,

7                                                 EDMUND G. BROWN JR.
                                                  Attorney General of California
8                                                 DANE R. GILLETTE
                                                  Chief Assistant Attorney General
9                                                 PAMELA C. HAMANAKA
                                                  Senior Assistant Attorney General
10                                                JASON TRAN
                                                  Deputy Attorney General

11

12                                                /s/ David Zarmi
13                                                DAVID ZARMI
                                                  Deputy Attorney General
14                                                *Attorneys for Respondent*

15  LA2009507304
    60491582.doc
16

17

18

19

20

21

22

23

24

25

26  _____

27  (…continued)
    petition, "the State remains free to impose proper procedural bars to restrict repeated returns to
28  state court for postconviction proceedings").

6

## CERTIFICATE OF SERVICE

Case Name:   **Carrillo v. Adams**                    No.   **CV 09-05173 SVW (RZ)**

I hereby certify that on <u>November 17, 2009</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>November 17, 2009</u>, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Frank Carrillo
CDC # F-36986
P.O. BOX 52462
CORCORAN, C  93212

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>November 17, 2009</u>, at Los Angeles, California.

_____          _____
Mary Emami                              Signature
Declarant

60491616.doc
LA2009507304